UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MELVIN R. GORNEY, <br><br>    Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC. <br><br>    Defendant. | Case No. 9:21-cv-00096 |

**COMPLAINT**

**NOW COMES** MELVIN R. GORNEY, through his undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

**NATURE OF THE ACTION**

1. This is an action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. MELVIN R. GORNEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a corporation organized under the laws of Kansas.

1

7. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

8. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

9. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff received a credit card issued by Capital One Bank, N.A.

11. Over time, approximately $4,100.00 in personal charges were made to Plaintiff's account.

12. Plaintiff, due to unforeseen financial difficulties, defaulted on payments and Plaintiff's unpaid account balance was charged-off and referred for collection.

13. Plaintiff's $4,100.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. On August 18, 2020 MCM sent Plaintiff a debt collection letter, enclosed in an envelope with the words "TIME SENSITIVE DOCUMENTS" printed on its exterior in bold font.

15. Upon reading "TIME SENSITIVE DOCUMENTS," Plaintiff immediately opened the envelope.

16. The letter contained information regarding Plaintiff's $4,100.00 balance that MCM sought to collect from Plaintiff.

17. The letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding Plaintiff's $4,100.00 balance directly to Plaintiff.

18. The letter is an attempt to collect upon the $4,100.00 balance as the letter directly and unambiguously states as such.

19.     The envelope's inclusion of the words "TIME SENSITIVE DOCUMENTS" on its exterior created a false sense of urgency for Plaintiff who was unable to afford to make a $4,100.00 payment; leading to needless emotional distress.

## DAMAGES

20.     Concerned with having his rights violated, Plaintiff was forced to retain counsel; expending time and incurring attorney's fees to vindicate his rights.

21.     Moreover, Plaintiff suffered significant emotional distress and anxiety as a result of Defendant's correspondence.

22.     Additionally, as a result of the confusing language in the collection letter sent by Defendant, Plaintiff was deprived of his right to receive clear information as required by the FDCPA.

## COUNT I:
## Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

23.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692f

24.     Section 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt.  15 U.S.C. § 1692f.

25.     The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id*.

26.     Subpararaph (8) prohibits the following conduct:

[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram,

      except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id*. § 1692f(8).

    25.    Section 1692f(8) regulates language "on any envelope." *Id*.

    27.    The text of § 1692f(8) is unequivocal. "[A]ny language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope." 15 U.S.C. § 1692f(8).

    28.    In other words, NO EXCEPTIONS.

    29.    Accordingly, MCM's inclusion of "TIME SENSITIVE DOCUMENTS" on the front of the envelope violates 15 U.S.C. § 1692f(8).

    30.    As alleged, Plaintiff instantly opened MCM's mail because it said "TIME SENSITIVE DOCUMENTS."

    31.    Upon information and belief, MCM has determined that it collects more from consumers by including "TIME SENSITIVE DOCUMENTS" on envelopes.

    32.    MCM's practice of including "TIME SENSITIVE DOCUMENTS" on envelopes mailed to consumers unfairly puts MCM ahead of other debt collectors.

    33.    On information and belief, MCM's research demonstrates that the least sophisticated consumer is more likely to open letters sent in envelopes marked "TIME SENSITIVE DOCUMENTS" than envelopes that do not contain the words "TIME SENSITIVE DOCUMENTS."

    34.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

 (1) any actual damage sustained by such person as a result of such failure;

 (2)

   (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**INTENTIONALLY LEFT BLANK**

WHEREFORE, Plaintiff requests the following relief:

A. a finding that MCM violated 15 U.S.C. § 1692f(8);

B. an award of any actual damages sustained by Plaintiff as a result of MCM's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: May 27, 2021

Respectfully submitted,

MELVIN R. GORNEY

By: */s/ Victor T. Metroff*

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
vmetrofft@sulaimanlaw.com
mbadwan@sulaimanlaw.com