UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MELVIN R. GORNEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 9:21-cv-00096 |
| § | |
| MIDLAND CREDIT MANAGEMENT, § | |
| INC., § | |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT MIDLAND CREDIT
MANAGEMENT INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6)**

Defendant Midland Credit Management ("MCM), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss the sole claim asserted against it in Plaintiff Melvin R. Gorney's ("Plaintiff') Complaint, with prejudice and without leave to amend his pleading. In support thereof, MCM would show unto the Court as follows:

**PRELIMINARY STATEMENT**

Plaintiff asserts a claim under the Fair Debt Collection Practices Act ("FDPCA"), which is based on the tired allegation that a certain marking on an envelope violated the FDCPA and caused harm to Plaintiff. Specifically, Plaintiff alleges that the phrase "TIME SENSITIVE DOCUMENTS" on the exterior of an envelope allegedly sent by MCM to Plaintiff violated 15 U.S.C. § 1692f(8) of the FDCPA.

Only months ago, the Southern District of Texas dismissed an identical § 1692f(8) claim brought against MCM by a different plaintiff.[1] *See Landrum v. Midland Credit Mgmt., Inc.,* No. CV H-20-

---

[1] Like the instant matter, the plaintiff in *Landrum* was represented by Sulaiman Law Group, Ltd. and MCM was represented by Holland & Knight, LLP.

728, 2020 WL 8181822, at *2 (S.D. Tex. Dec. 31, 2020), report and recommendation adopted, No. CV H-20-728, 2021 WL 149091 (S.D. Tex. Jan. 14, 2021). There, the court determined it was bound by the Fifth Circuit Court of Appeals' opinion in *Goswami v. American Collections Enterprise* and dismissed the § 1692f(8) claim based on MCM's alleged use of an envelope displaying the phrase "TIME SENSITIVE DOCUMENT."[2]

For the same reasons recently established in *Landrum*, and as more fully set forth below, the Court should grant MCM's Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted and dismiss Plaintiff's § 1692f(8) claim with prejudice and without leave to amend his pleading.

## BRIEF PROCEDURAL BACKGROUND

On May 27, 2021, Plaintiff filed his Complaint against MCM alleging violations of § 1692f(8) of the FDCPA. Dkt. No. 1. Specifically, Plaintiff alleged that MCM's alleged inclusion of "TIME SENSITIVE DOCUMENTS" on the front of the envelope purportedly received by Plaintiff violates § 1692f(8) of the FDCPA. *Id.* at ¶ 29. Now, pursuant to Rule 12(b)(6), MCM moves for this Court to dismiss Plaintiff's sole claim for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Greenberg v. Wright Nat'l Flood Ins. Co.,* No. 3:15-CV-3871-L, 2016 WL 5661666, at *2 (N.D. Tex. Sept. 29, 2016); *see also Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). A court should dismiss a claim when it is clear the plaintiff can prove no set of

---

[2] The court also dismissed the plaintiff's § 1692f(8) claim arising from MCM's alleged inclusion of the phrases "IMPORTANT INFORMATION ENCLOSED," and "ATTENTION REQUESTED" on the exterior of an envelope sent to the plaintiff.

facts in support of his claim that would entitle him to relief. *McCormack v. Nat'l Collegiate Athletic Ass'n,* 845 F.2d 1338, 1343 (5th Cir. 1988). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).

In other words, a Rule 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. *Levene v. United States,* No. CIV.A.02-0242, 2002 WL 1468018, at *2 (E.D. La. July 8, 2002). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *Greenberg* No. 3:15-CV-3871-L, 2016 WL 5661666, at *2. Here, Plaintiff has failed to plead a legally cognizable claim.

## ARGUMENTS AND AUTHORITY

To state a claim under the FDCPA, Plaintiff must show (1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA. *Douglas v. Select Portfolio Servicing, Inc.,* No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015).

Plaintiff asserts in Count I, his sole claim, that MCM violated § 1692(f)(8) by including the phrase "TIME SENSITIVE DOCUMENTS" on the exterior of the envelope of an August 18, 2020, letter that Plaintiff allegedly received from MCM. Plaintiff's allegation that the inclusion of the phrase "TIME SENSITIVE DOCUMENTS" on the exterior of the envelope is a violation of § 1692(f)(8) is belied by the Fifth Circuit's opinion from *Goswami* as applied by the court in *Landrum*. Therefore, Plaintiff's sole claim fails to sufficiently allege the required elements of his § 1692(f)(8) claim as the language allegedly used by MCM were benign markings that do not violate § 1692(f)(8).

### 1. *Goswami* is binding precedent.

Plaintiff erroneously asserts that "the text of § 1692(f)(8) is unequivocal. '[A]ny language or symbol' except the debt collector's address and, in some cases, business name, may not be included

3

on 'any envelope.' In order words, NO EXCEPTIONS." Dk. No. 1  ¶ 27-28. In Plaintiff's view, nothing more than the debt collector's address and business name are allowed to be on the envelope.

In *Goswami*, the Fifth Circuit found § 1692(f)(8) to be subject to two conflicting interpretations: one when read in insolation and one read together with the section's preface. *Goswami,* 377 F.3d at 488. The Fifth Circuit determined that the former interpretation barred all markings from envelopes of debt collection letters except for the names and addresses of the parties while the latter "only prohibited markings ... that are unfair or unconscionable, such as markings that would signal that it is a debt collection letter and tend to humiliate, threaten or manipulate debtors." *Id.* at 493. It then looked to the statute's legislative history, the Federal Trade Commission's interpretation of the subsection, and relevant case law. *Id.* The Fifth Circuit ultimately determined that the correct interpretation allowed benign or harmless language on debt collection envelopes and held that the "Priority Letter" language at issue in *Goswami* was a permissible benign marking. *Id.*  at 494.

**2. The phrase "TIME SENSITIVE DOCUMENTS" is a benign marking.**

Mere months ago, the Southern District of Texas explicitly identified *Goswami* as applicable binding precedent, and held that the phrase "TIME SENSITIVE DOCUMENT" was a benign marking that does not violate § 1692(f)(8). *Landrum v. Midland Credit Mgmt., Inc.,* No. CV H-20-728, 2020 WL 8181822, at *2 (S.D. Tex. Dec. 31, 2020), report and recommendation adopted, No. CV H-20-728, 2021 WL 149091 (S.D. Tex. Jan. 14, 2021).

Moreover, the court explained:

This court finds no meaningful difference between 'priority letter' and the language at issue in this case. The phrases 'TIME SENSITIVE DOCUMENT,' 'IMPORTANT INFORMATION ENCLOSED,' and 'ATTENTION REQUESTED' are not unfair or unconscionable on their face. They do not tend to humiliate, threaten, or manipulate a debtor. These phrases could be used in connection with virtually any mailing, advertisement, or offer. There is nothing about the language MCM used that is specific to a debt or a collection effort. Therefore, under *Goswami*, they are benign markings that do not violate section. *Id.*

4

The analysis and the outcome remains the same. Accordingly, Plaintiff has failed to state a claim for which relief can be granted.

## CONCLUSION

Based on the foregoing, Defendant Midland Credit Management Inc. respectfully requests that the Court grant its Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Plaintiff Melvin R. Gorney's claim with prejudice and without to amend his pleading.

DATED this 16th day of August, 2021.

By: */s/ Jeffrey D. Anderson*
Jeffrey D. Anderson
Texas Bar No. 24087100
jeffrey.anderson@hklaw.com
Holland & Knight LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

Cory W. Eichhorn
Florida Bar No. 576761
cory.eichhorn@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
*Pro Hac Vice Forthcoming*

**ATTORNEYS FOR DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served on this day on counsel identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

                                                  */s/Jeffrey D. Anderson*
                                                  Jeffrey D. Anderson

## SERVICE LIST

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
vmetrofft@sulaimanlaw.com
mbadwan@sulaimanlaw.com